IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES R. ASBURY                                                              PLAINTIFF

V.                              CASE NO.: 3:17-CV-03103

MACHELL OBOMA; BEROK OBOMA;
MIKE HUCKABEE; TONY ROGERS,
Prosecuting Attorney; ESTER MONTAROSA,
ex-wife; CHUCK MEDFORD, Carroll County
Sheriff; RUTH ANN MURPHY, Department
of Human Services (DHS); SUSAN BRANT; BRAIN
HAYS, SR.; MARIA, Attorney; SENATOR
TOM COTTON; MRS. EASTER, Carroll County
Detention Center (CCDC); LIEUTENANT WILLIAMS,
CCDC; HEAD OF DEA; BRUCE GUMP, Federal
Bureau of Investigation (FBI); MARGRETT TRAVENO;
MRS. DEBRA, DHS; EMMY; CHARLES; MIRLIN,
Court Personnel; JANE DOE AND JOHN DOE,
Berryville Water Department; JANE AND JOHN DOES,
Berryville Hospital Nurses, Doctors, and Receptionists;
DEPUTY COLLINS, CCDC; MIKE HUNT, CCDC;
JANE AND JOHN DOE, Center for Disease Control and
Prevent (CDC); RABECCA, Carroll County Health Unit;
PRESIDENT DONALD J. TRUMP; JUDGE SCOTT
JACKSON; MAN THAT THREATENED ME WITH
A RIFLE AT BRIAN'S; UNITED STATES SENATE;
MR. CANNEY, CCDC; GRUDICK, Carroll County; RIDDICK,
Carroll County; OFFICER GREG LESTER, CCDC;
OFFICER WALLIN; JOHN DOE HEAD OF DHS;
JANE AND JOHN DOES, All Top Officials of the CDC; and
DIRECTOR OF THE NATIONAL SECURITY AGENCY (NSA)     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Asbury has filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). The case is before the Court for pre-service screening pursuant to the Prison Litigation Reform Act ("PLRA"). The PLRA modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for

-1-

dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fails to state claims upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

The Amended Complaint (Doc. 7) is a jumble of confused thoughts and outlandish allegations. Plaintiff contends, among other things, the following: that Plaintiff and his children are in trouble due to corrupt court personnel; that he is being denied the right to defend his country, and that the military assaulted him and knocked his tooth out; that former President Obama's top people had Plaintiff's ex-wife, Ester Montarosa, give him a glass of muriatic acid; that everyone named as a defendant is lying to prevent Plaintiff from running for President of the United States; that Plaintiff wants to appeal his custody case, as his children were taken away due to lies, extortion, perjury, kidnaping, and corruption; that Plaintiff wants to press criminal charges against everyone involved with the Berryville Water Department and be provided with his own water department; that Plaintiff and his children have been raped by Josh Ruelly and the police officers; that members of Congress have been involved in domestic terrorism and have been torturing him; that since 1995, the Department of Human Services ("DHS") has been running his life over "color"; that the Drug Enforcement Agency ("DEA") called in aliens to kill Plaintiff and his family; that former President Obama came looking for a $250 million dollar lottery ticket he believed Plaintiff had won; that the whole county has been covering up the fact that he was raped at gun point by "cops"; that his ex-wife, Ester, Sheriff Medford, and the National Security Agency ("NSA") worked in concert to poison him and his children and steal their sign-on bonuses; that

hospital personnel and the County Health Nurse tried to kill him and would not give him his medication; that the FBI is engaged in a cover-up involving the trade of a million children in exchange for technology; that the "man in the tree" is involved in child pornography and has threatened to kill Plaintiff and his children if he does not keep quiet; and finally, that Plaintiff is being punished by county detention center personnel because he will not worship the devil or become a homosexual.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff has asserted no plausible claims. He attempts to sue federal agencies or officers of federal agencies in their official capacities, and they are all immune from suit. He attempts to sue the current and former President of the United States, various members of the United States Congress, the head of the DEA, Bruce Gump of the FBI, Jane and John Doe of the Centers for Disease Control and Prevention ("CDC"), John and Jane Doe "Top Officials" of the CDC, and the Director of the NSA—and all of these individuals are immune from suit. In particular, members of Congress "are immune for any

actions taken within the legislative sphere." *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 510 (1975) (internal quotations omitted); *see also* Art. 1, § 6, cl. 1 (speech and debate clause).

Along the same lines, Plaintiff's claims against Arkansas DHS are barred by the Eleventh Amendment to the U.S. Constitution. See U.S. Const. Amend. 11; *see also Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Fla. Dept. of Health & Rehabilitative Servs. v. Fla. Nursing Home Assn.*, 450 U.S. 147 (1981). Plaintiff also cannot bring criminal charges against any Defendant, as a private citizen has no right to institute criminal prosecution. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *In re Kaminski*, 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).

Next, Plaintiff's claims against Judge Scott Jackson are subject to dismissal on the grounds he is immune from suit for judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 359-60 (1978). Plaintiff's claims against Prosecutor Tony Rogers are similarly subject to dismissal, as Rogers is immune from suit for any prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).

To the extent any of Plaintiff's claims stem from custody rulings made by state courts, this Court may not intervene in those cases. "The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. (1 How.) 582, 584, 16 L. Ed. 226 (1859), divests the federal courts of jurisdiction over any action for which the subject is divorce, allowance of alimony, or child custody." *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994).

This applies to any claims against DHS personnel, including Ruth Ann Murphy and Mrs. Debra, and claims against Bailiff Chuck Medford and Mirlin, who are identified as "court personnel."

Plaintiff's claims against private individuals are also subject to dismissal, as private individuals do not act under color of law for purposes of § 1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). He has failed to do so.

### III. CONCLUSION

For the reasons stated above, all claims asserted are subject to dismissal because they are frivolous, fail to state claims upon which relief may be granted, or are against Defendants immune from suit. Therefore, this case is **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

**IT IS SO ORDERED** on this 7th day of February, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE